ACCEPTED
06-15-00013-CV
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
9/29/2015 9:24:51 AM
DEBBIE AUTREY
CLERK

FILED IN
The Court of Appeals
Sixth District
September 29, 2015
Texarkana, Texas
Debra K. Autrey, Clerk

No. 06-15-00013-CV

IN THE COURT OF APPEALS FOR THE
SIXTH DISTRICT OF TEXAS
AT TEXARKANA

CITY NATIONAL BANK OF SULPHUR SPRINGS. . . . . . . . . . . . APPELLANT

V.

JOHN ALEXANDER SMITH. . . . . . . . . . . . . . . . . . . . . . . . . . . . . APPELLEE

Appeal from the District Court of Hopkins County, Texas
62nd Judicial District
Honorable Will Biard Presiding

# BRIEF OF APPELLANT

John R. Mercy
Texas State Bar No. 13947200
MERCY⋆CARTER ⋆TIDWELL, L.L.P.
1724 Galleria Oaks Drive
Texarkana, TX  75503
Telephone:  (903) 794-9419
Facsimile:   (903) 794-1268
Email: jmercy@texarkanalawyers.com

Coy Johnson
Texas State Bar No. 10698000
Email: coy@clayjohnsonlaw.com
Clay Johnson
Texas State Bar No. 24007450
Email: clay@clayjohnsonlaw.com
JOHNSON LAW FIRM, P.C.
609 Gilmer Street
Sulphur Springs, TX 75482-4121
Telephone: (903) 885-8866
Facsimile:   (903) 584-1313

ATTORNEYS FOR APPELLANT

**Oral Argument Requested**

## IDENTITY OF PARTIES AND COUNSEL

Pursuant to Rule 38.1(a) of the Texas Rules of Appellate Procedure, Appellant lists below the names and addresses of all parties to the trial court's final judgment together with their counsel in the trial court. This list is provided so that the justices of this Court may evaluate possible disqualification and recusal, and so that the Clerk of the Court of Appeals may notify all parties of this Court's final judgment.

City National Bank of Sulphur Springs. . . . . . . . . . . . . . . . . . . . . . . . . . Appellant

Coy Johnson
Clay Johnson
JOHNSON LAW FIRM, P.C.
609 Gilmer Street
Sulphur Springs, TX 75482-4121. . . . . . . . . . . . . . . . . Trial Counsel for Appellant

John R. Mercy
MERCY ✸ CARTER ✸ TIDWELL, L.L.P.
1724 Galleria Oaks Drive
Texarkana, TX 75503. . . . . . . . . . . . . . . . . . . . . Appellate Counsel for Appellant

John Alexander Smith. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Appellee

J. Mark Sudderth
NOTEBOOM LAW FIRM
669 Airport Freeway, Suite 100
Hurst, TX 76053-3698.. . . . . . . . . . . . . Trial and Appellate Counsel for Appellee

# TABLE OF CONTENTS

**Page**

Identity of Parties and Counsel. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

Table of Contents. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

Index of Authorities.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

Statement of the Case. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Statement of Oral Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Issues Presented.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

Statement of Facts. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    The Original Suit.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    The Underlying Case.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    The New Note.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    Collection Efforts. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    Filing Charges.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

    The Indictment. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

    The Trial. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Summary of the Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Argument and Authorities.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Issue No. 1.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

    The Purpose of Chapter 33. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

    Proper Responsible Third Parties. . . . . . . . . . . . . . . . . . . . . . . . . . . 14

    Smith's Original Claim of Legal Malpractice. . . . . . . . . . . . . . . . . . . . 14

Clark Claims City National Caused Damages for Malpractice. . . . . . . . . 15

Smith Then Claims Malicious Prosecution. . . . . . . . . . . . . . . . . . . . . . 15

City National Complained of Improper Joinder. . . . . . . . . . . . . . . . . . . . 16

The Claims are Mutually Exclusive. . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

The Absurd Result.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Against Public Policy. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Issue No. 2. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

No Original Claim for Exemplary Damages.. . . . . . . . . . . . . . . . . . . . . 19

Chapter 33 Does Not Apply to Exemplary Damages. . . . . . . . . . . . . . . 20

Issue No. 3. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Elements of Malicious Prosecution. . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Unfavored Remedy. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

Standard of Review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

Legal Insufficiency. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

Factual Insufficiency.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

Initiation or Procurement of the Prosecution. . . . . . . . . . . . . . . . . . . . 24

Initiating Prosecution. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

Procuring Prosecution.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

Cone's Involvement. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

Officer Irving's Testimony. . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

The DA Procures Indictment. . . . . . . . . . . . . . . . . . . . . . . . . . . 26

Cone's Belief. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

"But for" Requirement. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

Lack of Probable Cause. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

Cone's Believed Facts Fit Hindering Charge.. . . . . . . . . . . . . . . . . 29

Cone's Motives and Beliefs. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

Smith's Argument.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

Issue No. 4.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

Standard of Review.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

Question 2a. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

Multiple Element Award.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

Lack of Evidence of Physical Pain. . . . . . . . . . . . . . . . . . . . . . . . . . 32

Lack of Evidence of Mental Anguish.. . . . . . . . . . . . . . . . . . . . . . . 32

Conclusion.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

Prayer.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

Certificate of Service.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

Certificate of Compliance. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

Appendix:

    A - General Instructions (CR 535-547)

    B - Final Judgment (CR 582-583)

    C - Order on Motion to Modify Judgment (SCR 5)

    D - §33.004 effective September 1, 2003 to August 31, 2011

# INDEX OF AUTHORITIES

**Cases**:                                                              **Page**

Alex Sheshunoff Mgt. Servs. LP v. Johnson,
209 S.W.3d 644, 651 (Tex. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Baker Hughes, Inc. v. Keco R &D, Inc.,
12 S.W.3d 1, 4 (Tex. 1999).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Browning-Farris Industries, Inc. v. Lieck,
881 S.W.2d 288 Tex. (1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22, 24

City of Houston v. Livingston,
221 S.W.3d 204, 230 (Tex. App. – Houston [1st Dist] 2006, no pet.). . . . . . . . . 32

City of Keller v. Wilson,
168 S.W.3d 802 (Tex.2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

Closs v. Goose Creek Consolidated Independent School District,
874 S.W.2d 859 (Tex. App. – Texarkana 1994, no writ). . . . . . . . . . . . . . . . . . . 27

Crown Life Ins. Co. v. Casteel,
22 S.W.3d 378 (Tex.2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

Gonzales v. Grimm,
2005 WL4137862 (Tex. App. – El Paso, July 8, 2015, no. pet. h.). . . . . . . . . . . 22

Hasie v. Compass Bank,
2014 WL 5422939 (Tex. App. – Amarillo, October 21, 2014, pet. denied). . . . . 24

Haynes & Boone v. Bowser Bouldin, Ltd.,
896 S.W.2d 179 (Tex. 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

In re Bexar Criminal District Attorney Office,
224 S.W.3d 182 (Tex. 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

v

Jelinek v. Casas,
328 S.W.3d 526 (Tex.2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

Katy Springs & Manufacturing, Inc. v. Favalora,
2015 WL 5093232 at p. 7. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

Kindred v. Con/Chem, Inc.,
650 S.W.2d 61 (Tex.1983). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

King Ranch, Inc. v. Chapman,
118 S.W.3d 742 (Tex.2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

King v. Graham,
126 S.W.3d 75 (Tex. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25, 27

Kroger Texas Limited Partnership v. Suberu,
216 S.W.3d 788 (Tex. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21, 28

Merrell Dow Pharms., Inc. v. Havner,
953 S.W.2d 706 (Tex.1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

Office of Oscar C. Gonzales, Inc. v. Sloan,
447 S.W.3d 98 (Tex. App. – San Antonio 2014). . . . . . . . . . . . . . . . . . . . . . . 14

Parkway Company v. Woodruff,
 901 S.W.2d 434 (Tex. 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

Petrohawk Properties, L.P. v. Jones,
455 S.W.3d 753 (Tex. App. Texarkana  2015, writ pending).  . . . . . . . . . . . . . . 22

Pool v. Ford Motor Co.,
715 S.W.2d 629 (Tex.1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

Ritchie v. Brookshire Grocery Company,
952 S.W.2d 515 (Tex. 1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

River Oaks LM, Inc. v. Vinton Duarte,
2015 WL 3618950 at 15 (Tex. App. – [Houston 14th Dist.],
May 28, 2015, no pet.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

Service Corp. International v.  Guerra,
348 S.W.3d 221 (Tex. 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

Villarreal v. Wells Fargo Brokerage Services, LLC,
315 S.W.3d 109 (Tex. App. – Houston [1st Dist.] 2010, no pet.). . . . . . . . 13, 18, 20

**Statutes**:

Tex. Civ. Prac.  & Rem. Code
    § 33.001(e). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
    § 33.002(c)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20
    § 33.003. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
    § 33.004. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18, 20
    § 33.004(e). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13, 19, 20
    § 33.011(6). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 16

**Other**:

Restatement (Second) of Torts §653(a) cmt. c (1977). . . . . . . . . . . . . . . . . . . . . . 24

IN THE COURT OF APPEALS FOR THE
SIXTH DISTRICT OF TEXAS
AT TEXARKANA

CITY NATIONAL BANK OF SULPHUR SPRINGS. . . . . . . . . . . .  APPELLANT

V.

JOHN ALEXANDER SMITH. . . . . . . . . . . . . . . . . . . . . . . . . . . . APPELLEE

## BRIEF OF APPELLANT

TO THE HONORABLE COURT OF APPEALS:

COMES NOW Appellant, CITY NATIONAL BANK OF SULPHUR SPRINGS, and appeals the court's December 15, 2014 judgment, as modified, and would show unto the Court the following:

### Statement of the Case

| | |
|---|---|
| Nature of the Case | This began as a legal malpractice case against an attorney. Through a designation of a responsible third party and subsequent joinder it became a malicious prosecution case against City National.[1] |
| Trial Court: | The Honorable Will Biard<br>62nd District Court, Hopkins County |
| Parties: | Plaintiff – John Alexander Smith<br>Defendant – City National Bank of Sulphur Springs |
| Trial: | Jury Trial - 3 days |

---

[1] Appellant, City National Bank of Sulphur Springs, will be referred to as "City National"; and Appellee, John Alexander Smith, will be referred to as "Smith". The Clerk's Record will be cited as "CR __"; the Supplemental Clerk's Record will be cited as "SCR __; the Reporter's Record will be cited as " __ RR __; and Plaintiff's exhibits will be cited as "P. Ex. __".

Verdict: The jury answered questions finding City National liable for malicious prosecution and exemplary damages. The jury found damages of $150,000.00 for physical pain and mental anguish, $250,000.00 for injury to the reputation, and $500,000.00 in exemplary damages. (CR 535).

Post-Trial Motions: City National filed a Motion for Judgment Notwithstanding the Verdict. (CR 577). It was denied. City National filed a Motion for New Trial. (CR 611). It was denied. (CR 629). City National filed a Motion to Modify the Judgment. (CR 605) It was granted. (SCR 5).The judgment was modified to reduce the pre-judgment interest from $84,542.00 to $54,243.00. (SCR 5).

Judgment: The trial court entered judgment on the verdict. (CR 582). City National filed a motion to modify the judgment which was granted, reducing the pre-judgment interest from $84,542.00 to $54,243.00. (SCR 5).

## STATEMENT OF ORAL ARGUMENT

The Court should grant oral argument for the following reasons:

a) This case presents a unique fact pattern. Oral argument would give the Court a more complete understanding of the facts presented in this appeal. Tex. R. App. P. 39i(c).

b) This is a unique case of first impression. Oral argument would significantly aid the Court in deciding the case. Tex. R. App. P. 39(d).

## ISSUES PRESENTED

### Issue No. 1

**It was error to award a judgment for malicious prosecution in a legal malpractice case because**

    **a.)**    **Chapter 33, Tex. Civ. Prac. & Rem. Code, does not waive the statute of limitations on claims not asserted in the original case.**

    **b.)**    **City National was not a proper responsible third party and should not have been joined as a defendant in the legal malpractice case.**

    **c.)**    **The legal malpractice case and the malicious prosecution case are mutually exclusive which would make joinder improper.**

    **d.)**    **The joinder leads to an absurd result and is against public policy.**

### Issue No. 2

**The trial court erred in awarding exemplary damages because**

    **a.)**    **they were not damages that Smith sought prior to City National's joinder as a defendant; and**

    **b.)**    **Chapter 33, Tex. Civ. Prac. & Rem. Code, does not apply to exemplary damages.**

## Issue No. 3

There is no evidence or insufficient evidence to support the jury's finding to Question 1 that City National maliciously prosecuted Smith because evidence supporting two of the required elements for malicious prosecution is absent.

      a.)    The evidence does not support a finding that City National initiated or procured the prosecution, or

      b.)    that City National lacked probable cause.

## Issue No. 4

There was legally and factually insufficient evidence to support the jury's answer to Question No. 2a. The court erred by entering judgment for damages for mental anguish.

## STATEMENT OF FACTS

This is the story of how a legal malpractice case against an attorney transformed into and supposedly revived a time-barred malicious prosecution case against a bank.

**The Original Suit**

In 2008, Smith hired Charles Clark, an attorney in Tyler, Texas, to investigate whether he had a malicious prosecution case against City National. (CR 13). Clark took a Rule 202 deposition of City National as part of his investigation. (CR 585). For whatever reason, Clark did not file the malicious prosecution case within the one-year statute of limitations for malicious prosecution. (CR 12, 27).

Smith sued Clark for legal malpractice for missing the statute of limitations on the malicious prosecution case. (CR 12). Clark designated City National as a responsible third party under § 33.004(e) for the legal malpractice claim. (CR 23, 25). Smith did not object. Smith then joined City National as a defendant not for the legal malpractice but malicious prosecution. (CR 24). Smith then settled with Clark and dismissed the legal malpractice suit against Clark. (4 RR 165; CR 95).

City National filed a motion to strike the designation as responsible third party and for summary judgment urging the Court to dismiss the case against it on the basis of limitations and improper joinder. (CR 107, 173, 195, 312). These were all denied. (CR 487).

**The Underlying Case**

The malpractice claim was based on a claim of malicious prosecution that began in 2001 when Smith obtained his first loan from City National. (3 RR 36). Over the course of the next three years Smith received two other loans. Each loan was secured by "all equipment now owned or hereafter acquired." (3 RR 169; P. Ex. 2). By 2004 Smith was behind on his payments, overdrawn on his checking account, and not making payments on his loans. (3 RR 38; P. Ex.2, 20). City National assigned the loan to Jerry Cone, the bank's asset manager to try and work out the loan. (3 RR 38).

**The New Note**

After reviewing the files Cone sent Smith a series of three letters. (3 RR 39, 41, 44). The letters produced no response from Smith. (3 RR 41, 45)[2]. Cone went to Smith's residence and left a card in the door. (3 RR 163). Only then did Smith call Cone. (4 RR 79). Smith called Cone, who worked with him on a solution to the past due notes. (3 RR 46-47). Cone suggested a consolidation note, to which Smith agreed. (3 RR 48). Cone allowed Smith to determine the amount to be paid, when the payments would begin, and that the collateral would include all equipment from the prior loan and a Toshiba embroidery machine. (3 RR 48; 4 RR 127). Smith signed the new note on August 13, 2004. (3 RR 47; 4 RR 130;P. Ex. 45).

---

[2] Smith claimed to have not received the letters. (4 RR 90-91, 103, 126).

Smith intended to sell the Toshiba embroidery machine to pay down the note. (4 RR 80). Smith had been attempting to sell the Toshiba machine for approximately 18 months without success. (3 RR 48, 172). Cone attempted to help Smith sell the Toshiba embroidery machine. (3 RR 48; 4 RR 81). But, possible sale to the Stones fell through when Smith refused to provide instructions on how to use the machine. (4 RR 21-23). While waiting for instructions, the machine was moved to the Stone's house where it has remained for the last eleven years. (4 RR 11, 19).

Smith claimed that the machine didn't sell. (4 RR 84). But he also claimed that the bank should apply $9,800.00 to his note as if it did. (4 RR 87). Smith claimed that when he found out that the machine had not sold for that price or he had not been credited that amount he stopped the first payment on the new note. (4 RR 86). Smith did not tender another payment on the note.

**Collection Efforts**

When Smith did not make any payments on the note, Cone began collection efforts. (P. Ex. 20). When Cone asked about the other equipment that was collateral Smith gestured over his shoulder and said, "It's over there" and that he would return and show him where it was. (3 RR 183; P. Ex 20). Smith never returned to show Cone where the equipment was. (3 RR 83, 189; 4 RR 154). Cone contacted storage units that were in the direction that Smith pointed, attempting to locate the collateral. (P. Ex. 20). On two occasions he went to Smith's house but Smith did not answer the

door. (3 RR 196). Cone filed suit against Smith to collect. (3 RR 130-133). The civil suit was dismissed.

### Filing Charges

Cone went to the Sulphur Springs police department and filed a report that Smith was hindering the bank in collection of its security agreement by concealing the collateral. (3 RR 75). He reported that he had the Toshiba embroidery machine but it was the other collateral that he was concerned about. (3 RR 79). Cone provided copies of the security agreements, the financing statement, the petition in the civil lawsuit, the demand letters and additional information. (P. Ex. 27, 28). Police sent the information and a narrative to the district attorney's office. (P. Ex. 26, 29).

### The Indictment

The district attorney presented the case to the grand jury. (P. Ex. 33). The grand jury "determines whether the prosecutors have sufficient evidence to justify a prosecution." (P. Ex. 33). The grand jury returned a true bill indicting Smith for hindering a secured creditor. (P. Ex. 22, 33). Smith was arrested on the charge of hindering a secured creditor. (4 RR 104). During the prosecution the indictment was amended by the district attorney's office. (P. Ex. 23, 24). The prosecution was subsequently dismissed based on the best interest of justice. (P. Ex. 32).

**The Trial**

The malpractice case was never tried. But the malicious prosecution case was tried to a jury in November of 2014. At trial no evidence was allowed concerning the legal malpractice of Clark. (4 RR 165). The jury returned a verdict in favor of Smith for malicious prosecution awarding $150,000.00 for physical pain and mental anguish, $250,000.00 for injury to his reputation, and $500,000.00 as exemplary damages. (CR 535). City National filed a motion notwithstanding the verdict which was denied. (CR 577). On December 15, 2014 the Court overruled that motion and entered a final judgment. (CR 582). Thereafter City National filed a motion to modify the judgment, and a motion for new trial. (CR 605, 611). The Court after hearing argument denied the motion for new trial and granted the motion to modify the judgment reducing the pre-judgment interest from $84,542.00 to $54,243.00. (CR 629, SCR 5).

This appeal ensued.

## SUMMARY OF THE ARGUMENT

The malicious prosecution judgment should not have been entered in what began as a legal malpractice case.

Chapter 33 of the Texas Civil Practice & Remedies Code did not revive a claim that was not asserted at the time that the party was designated as a responsible third party and joined as a defendant for a different cause of action. Limitations still applied to the malicious prosecution claim. Because the two claims were mutually exclusive Chapter 33 did not waive the limitations defense as to the new claims.

Chapter 33 does not apply to exemplary damages. Therefore Smith could not add a new claim for exemplary damages through joinder.

There was no evidentiary support for the malicious prosecution claim. Two vital elements were missing from Smith's case. Smith did not prove that City National initiated or procured the prosecution or that City National lacked probable cause at the time it filed charges. Both are fatal to the case.

Smith did not show a substantial disruption of his everyday life sufficient to justify a finding of mental anguish damages.

11

## ARGUMENT AND AUTHORITIES

## Issue No. 1

**It was error to award a judgment for malicious prosecution in a legal malpractice case because**

   **a.)**   **Chapter 33, Tex. Civ. Prac. & Rem. Code, does not waive the statute of limitations on claims not asserted in the original case.**

   **b.)**   **City National was not a proper responsible third party and should not have been joined as a defendant in the legal malpractice case.**

   **c.)**   **The legal malpractice case and the malicious prosecution case are mutually exclusive which would make joinder improper.**

   **d.)**   **The joinder leads to an absurd result and is against public policy.**

In 2003 the Texas legislature enacted revisions to Chapter 33 of the Texas Civil Practice & Remedies Code.[3] The revisions allowed the joinder of a proper responsible third party as a defendant. It also provided a very limited definition of a proper responsible third party. The purpose of the statute was to allow the joinder of all parties to whom blame could be affixed for a particular cause of action. It also provided for the waiver of the statute of limitations for that particular cause of action.

---

[3] Ultimately it failed miserably and in 2011 the legislature repealed Section 33.004(e).

12

This is a case of first impression that illustrates an absurd result by misapplying §33.004(e) to allow a party to change causes of action by joinder.

**The Purpose of Chapter 33**

The purpose of the 2003 amendment to the Texas Civil Practice & Remedies Code was to apportion the damages for which joint tort feasors were liable according to their percentage of fault. Villarreal v. Wells Fargo Brokerage Services, LLC, 315 S.W.3d 109 (Tex. App. – Houston [1st Dist.] 2010, no pet.). The jury was to determine the percentage of responsibility with respect to each person's causing or contributing to cause in any way "the harm for which recovery of damages is sought, . . .". Tex. Civ. Prac. & Rem. Code § 33.003. Once designated as a responsible third party a time-barred claim could be revived against a party.[4] The statute's purpose in reviving time-barred claims against a party was so that all parties that were responsible for the harm from that cause of action would be before the court. The plain language of the statue only allowed revival of the cause of action originally sued under. Had the legislature wanted the waiver to apply to any possible cause of action against a party it could have said so. The legislature expresses its intent by the words it enacts and declares to be the law. Alex Sheshunoff Mgt. Servs. LP v.

---

[4] (e) If a person is designated under this section as a responsible third party, a claimant is not barred by limitations from seeking to join that person, even though such joinder would otherwise be barred by limitations, if the claimant seeks to join that person not later than 60 days after that person is designated as a responsible third party. Tex. Civ. Prac. & Rem. Code §33.001(e)

Johnson, 209 S.W.3d 644, 651 (Tex. 2006). It did not. It limited the joinder to claims for the same damage.

**Proper Responsible Third Parties**

To be designated as a responsible third party, and subsequently joined as a defendant, a party must meet the definition of a responsible third party under §33.011(6). There a responsible third party is defined as "any person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought. . .". The statute appears to contemplate that it will be for the same cause of action.

**Smith's Original Claim of Legal Malpractice**

Here Smith's original petition against Clark was for claims of negligence and legal malpractice. (CR 12). To prevail on the legal malpractice claim Smith would have had to prove: (1) that Clark owed Smith a duty, (2) that Clark breached that duty; (3) the breach proximately caused Smith's injuries; and (4) Smith suffered damages. Office of Oscar C. Gonzales, Inc. v. Sloan, 447 S.W.3d 98 (Tex. App. – San Antonio 2014). It requires a direct causal link between the actions of the attorney, the injury suffered, and the damages awarded. Haynes & Boone v. Bowser Bouldin, Ltd., 896 S.W.2d 179, 181 (Tex. 1995).

**Clark Claims City National Caused Damages for Malpractice**

The motion filed to designate City National as a responsible third party merely alleged that "City National Bank (of Sulphur Springs) meets the statutory definition of 'responsible third party' inasmuch as Defendants allege and contend that City National Bank (of Sulphur Springs) caused or contributed to the harm for which the Plaintiff in this matter seeks to recover damages from Defendant." (CR 23). It further alleges that the "claim relates to Clark's handling of an underlying potential claim against City National Bank for malicious prosecution." . . . (CR 23). It then contains the summary conclusion that "as such, the harm for which Plaintiff Smith seeks to recover damages from Defendants was caused or contributed to by City National Bank (of Sulphur Springs)." (CR 23). The court granted the motion to designate without taking any evidence or any more specific pleadings. (CR 25).

**Smith Then Claims Malicious Prosecution**

Smith amended his petition to join City National as a defendant alleging malicious prosecution, not legal malpractice. Smith did not allege in any way that City National "caused or contributed to causing in any way the harm for which the recovery of damages was sought from the legal malpractice of Clark." (CR 27). The Second Amended Original Petition also added a claim of punitive damages against City National, something that was never alleged against Clark. (CR 27).

## City National Complained of Improper Joinder

City National tried to raise the impropriety and unfairness of being joined as a defendant to a different cause of action. It filed a motion to strike its designation as a responsible third party. (CR 173). It raised the statute of limitations. (CR 173). It raised the fact that it was not a responsible third party as defined by § 33.011(6) of the Texas Civil Practice & Remedies Code. (CR 173). It raised the issue that the harm alleged against City National was distinct from the harm caused by Clark's conduct. (CR 173) The court denied the motion.

City National also filed a motion for summary judgment that raised the statute of limitations and that City National was not a responsible third party as defined by § 33.011(6), Texas Civil Practice & Remedies Code. (CR 107). Twice City National amended the motion for summary judgment to clarify the issue and raised the fact that the harm alleged by Smith against Clark in the legal malpractice claim was distinct from the harm alleged against City National in the malicious prosecution case. (CR 195, 312).

## The Claims are Mutually Exclusive

The legal malpractice and malicious prosecution cases are mutually exclusive. In order to prevail on the legal malpractice case, it was necessary that the statute of limitations have run on the underlying malicious prosecution claim. (The case within the case.). Otherwise there is no legal malpractice claim. Therefore a necessary

16

element to recover on the legal malpractice claim would be that the malicious claim was barred by the statute of limitations. To put it another way, to recover on the legal malpractice claim Smith must show that the statute of limitations has run, whereas to recover on the malicious prosecution claim he must show that the statute of limitations has not run. So, while proof of the malicious prosecution claim is necessary in the legal malpractice claim, it is not a claim for the same damages as the malicious prosecution case. The legal malpractice claim is for the damages caused by the breach of the duty by Clark in not bringing suit timely. The measure of that damage would be the value of the underlying case within the case. The damages recoverable under the malicious prosecution case would be for physical pain and mental anguish and injury to the reputation.

**The Absurd Result**

It is illogical that a party can be designated as a responsible third party to a legal malpractice case and find that its rights to assert limitations on a malicious prosecution case have been waived. The Texas Supreme Court has held that a defendant has a vested right to rely on a limitations defense once a claim has been barred. Baker Hughes, Inc. v. Keco R & D, Inc., 12 S.W.3d 1, 4 (Tex. 1999). Villarreal, 315 S.W.3d at 124. As written, 33.004(e) could only revive causes of action alleged at the time of the designation as a responsible third party. Here any claim against City National for legal malpractice was revived by its designation. Not

17

other claims. Not conversion. Not negligent misrepresentation. Not malicious prosecution.[5]

**Against Public Policy**

Further, it is a bad public policy to allow designation as a responsible third party and joinder as a defendant under the facts of this case. While typically it is not the court's function to question the wisdom of the statute or measure it for logic, but to apply the statute as written, if the statute provides an absurd result it requires a different construction than as written. <u>Villarreal v. Wells Fargo</u>, 315 S.W.3d at 109. It is clear here that this situation does present such an absurd result.

Therefore, as a matter of law, City National should not have been designated as a responsible third party or joined in the lawsuit. The claims against Clark for legal malpractice are mutually exclusive with any claim against City National for malicious prosecution. In fact, both cannot exist at the same time. Therefore this Court should reverse the judgment below and render judgment that Smith take nothing.

---

[5] The trial court almost recognized this logic: "Three, we're limiting the evidence to the malicious prosecution claim. You've also plead unreasonable collection efforts, and I have let you get some of it in because of the background. But at the time your suit was -- his suit was pending against Mr. Clark there was no malpractice claim for missing limitations on unreasonable collection efforts. So I -- you can't get that in by designating him as an RTP." (3 RR 109). The court failed to recognize that there was no malicious prosecution claim against Clark.

**Issue No. 2**

**The trial court erred in awarding exemplary damages because**

**a.)     they were not damages that Smith sought prior to City National's joinder as a defendant; and**

**b.)     Chapter 33, Tex. Civ. Prac. & Rem. Code, does not apply to exemplary damages.**

City National was joined as a defendant in a legal malpractice case where there was never any allegation or claim for exemplary damages. Yet the judgment against City National reflects an award of $500,000.00 for exemplary damages.

**No Original Claim for Exemplary Damages**

This case originated as a legal malpractice case against Charles Clark with no claim against Clark for exemplary or punitive damages. (CR 12). At no time did Smith amend his pleadings to ever claim punitive damages against Clark. As set forth above, the purpose of § 33.004(e) was to join all joint tort feasors that could be responsible for damages from the claimed injuries. The damages claimed against Clark did not include exemplary damages. Therefore Smith should not be permitted to add additional damage elements that were not pled at the time of designation as a responsible third party.

19

**Chapter 33 Does Not Apply to Exemplary Damages**

But even assuming for argument sake that City National was properly a responsible third party and subsequently a defendant, § 33.004 did not effectuate a waiver as to City National's rights under the statute of limitations to not be liable for exemplary damages. <u>Villarreal</u>, 315 S.W.3d at 124. The legislature could have provided that a claim for exemplary damages was revived, but it did not. It expressly forbid it. Section 33.002(c)(2) specifically says that Chapter 33 does not apply to "a claim for exemplary damages." That would mean that even joinder under § 33.004(e) did not revive the claim for exemplary damages.

As a result, even if this Court finds that City National is properly before the Court for some actual damage claim, the trial court erred in entering a judgment for exemplary damages because they were barred by the statute of limitations, which was not waived by § 33.004, Tex. Civ. Prac. & Rem. Code. Therefore, this Court should reverse the judgment below as to exemplary damages and render judgment that Smith take nothing on his claim for exemplary damages.

## Issue No. 3

**There is no evidence or insufficient evidence to support the jury's finding to Question 1 that City National maliciously prosecuted Smith because evidence supporting two of the required elements for malicious prosecution is absent.**

**a.)    The evidence does not support a finding that City National initiated or procured the prosecution, or**

**b.)    that City National lacked probable cause.**

If this Court finds that City National was properly joined as a defendant it still should reverse because the evidence does not support the malicious prosecution findings.

## Elements of Malicious Prosecution

The elements of malicious prosecution are: (1) commencement of a criminal prosecution against the plaintiff; (2) the defendant's initiation or procurement of that prosecution; (3) termination of the prosecution in the plaintiff's favor; (4) the plaintiff's innocence; (5) lack of probable cause to initiate or procure the prosecution; (6) malice in filing the charge; and (7) damage to the plaintiff. Kroger Texas Limited Partnership v. Suberu, 216 S.W.3d 788, 793 n. 3 (Tex. 2006). City National challenges the legal and factual sufficiency of the evidence to support two of the required elements of malicious prosecution.

**<u>Unfavored Remedy</u>**

The Supreme Court has reminded courts to strictly apply these elements as they will reflect the delicate balance of societal values. <u>Gonzales v. Grimm</u>, 2005 WL4137862 (Tex. App. – El Paso, July 8, 2015, no. pet. h.) (citing <u>Browning-Ferris Industries, Inc. v. Lieck</u>, 881 S.W.2d 288, 291 Tex. (1994)). There is little room for error. *Id.* Even a small departure from the exact prerequisites for liability may threaten the delicate balance between protecting against wrongful prosecution and in encouraging citizens to report criminal conduct. <u>Browning-Ferris Industries</u>, 881 S.W.2d at 288. As a consequence actions for malicious prosecution are not favored in the law. *Id.*

**<u>Standard of Review</u>**

**<u>Legal Insufficiency</u>**

In determining legal sufficiency, the appellate court determines "whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review." <u>City of Keller v. Wilson</u>, 168 S.W.3d 802, 827 (Tex.2005); <u>Petrohawk Properties, L.P. v. Jones</u>, 455 S.W.3d 753, 770 (Tex. App. Texarkana 2015, writ pending). In looking at the evidence, the court is to credit favorable evidence if a reasonable jury could and disregard contrary evidence unless a reasonable jury could not. <u>City of Keller</u>, 168 S.W.3d at 827.

The evidence is legally insufficient if (1) there is a complete absence of evidence of a vital fact; (2) the rules of law or of evidence bar the court from giving weight to the only evidence offered to prove a vital fact; (3) there is no more than a mere scintilla of evidence offered to prove a vital fact; or (4) the opposite of the vital fact is conclusively established by the evidence. Jelinek v. Casas, 328 S.W.3d 526, 532 (Tex.2010). More than a scintilla of evidence exists when the evidence reaches a level enabling reasonable and fair-minded people to differ in their conclusions. Merrell Dow Pharms., Inc. v. Havner, 953 S.W.2d 706, 711 (Tex.1997). "Less than a scintilla of evidence exists when the evidence is 'so weak as to do no more than create a mere surmise or suspicion' of a fact." King Ranch, Inc. v. Chapman, 118 S.W.3d 742, 751 (Tex.2003) (quoting Kindred v. Con/Chem, Inc., 650 S.W.2d 61, 63 (Tex.1983)).

**Factual Insufficiency**

In determining factual insufficiency the court must consider and weigh all of the evidence, and set aside a verdict if the evidence is so weak or if the finding is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust. (citing Pool v. Ford Motor Co., 715 S.W.2d 629, 635 (Tex.1986), overruled on other grounds by Crown Life Ins. Co. v. Casteel, 22 S.W.3d 378, 388 (Tex.2000).

**Initiation or Procurement of the Prosecution**

**Initiating Prosecution**

A person initiates a criminal prosecution if he makes a formal charge to law enforcement authorities. Browning-Ferris v. Lieck, 881 S.W.2d at 292. "Initiating the action describes executing the charging instrument which goes before the magistrate who may then issue an arrest warrant." Gonzales v. Grimm, 2015 WL 4137862 at 5, (citing Restatement (Second) of Torts §653(a) cmt. c (1977)). Here there is no evidence that Cone did anything other than file a complaint with police.[6] Cone did not know what the officer wrote down. (3 RR 199). Cone did not have any contact with the district attorney's office. (3 RR 142, 212). Cone did not go before a magistrate that could issue an arrest warrant.

**Procuring Prosecution**

A person procures a prosecution when his actions were enough to cause the prosecution and but for its actions the prosecution would not have occurred. Hasie v. Compass Bank, 2014 WL 5422939 (Tex. App. – Amarillo, October 21, 2014, pet. denied). When the decision to prosecute is left to the discretion of another, such as a law enforcement official or a grand jury, a defendant does not procure criminal prosecution unless he knowingly provides false material information and the false information causes the criminal prosecution. Browning-Ferris, 881 S.W.2d at 294.

---

[6] At best, Smith showed that Cone kept up with Smith's court dates. (P. Ex. 33).

Proof is required that but for the false information the decision to prosecute would not have been made. King v. Graham, 126 S.W.3d 75, 78 (Tex. 2003).

**Cone's Involvement**

The evidence is undisputed that the grand jury made the decision to indict Smith. (P. Ex. 33). ("The grand jury determines whether the prosecutors have sufficient evidence to justify prosecution."). The testimony regarding Cone's involvement was limited to Cone's testimony, the police officer's paperwork, and letters from the district attorney. Cone testified that all he did was to file the complaint on behalf of the Bank. (3 RR 75). He told the police officer that he had the embroidery machine, but it was the other collateral he was worried about. (3 RR 79). He provided the police officer two copies of Security Agreements, a copy of Financing Statement, a copy of civil paper, a copy of civil petition, copy of Texas LP Return, and a copy of the demand letter. (3 RR 81; P. Exh. 27). At the time he made the complaint he thought what he told the police officer was true. (3 RR 90). He testified that when he filed with the police he was through with it. (3 RR 113). He did not know what the ramifications of filing were. (3 RR 114). He was not aware of what the police wrote in the officer's notes. (3 RR 199-201). He testified that he didn't have any contacts with the D.A.'s office or participate in how the indictment was drawn up. (3 RR 212-213).

### Officer Irving's Testimony

Police office Byron Irving testified that he did not have much recollection of the incident. (4 RR 30). He testified that apparently there was no independent investigation. (4 RR 36). He further testified that he did not remember anything that Cone told him. (4 RR 38). Plaintiff's Exhibit 27, which was the police department's incident report, shows the documents that were provided to the police department. (P. Ex. 27). Officer Irving recorded his Offense Report Narrative based on the information obtained from Cone. (P. Ex.29). No one disputes that the information in Plaintiff's Exhibit 29 is true.

### The DA Procures Indictment

The file was forwarded to the district attorney's office. Officer Russell Sterling swore out the complaint against Smith based on his investigation and own beliefs. (P. Ex. 25). Thereafter the district attorney's office presented its evidence to the grand jury who issued an indictment. (P. Exhs. 22 and 33). The indictment was later amended. (P. Ex. 24 and 25). There is no evidence at any time that Cone participated in any of the decisions after filing his complaint.

### Cone's Belief

Smith's fall-back argument was that Cone provided information that he knew to be false which overcame the presumption that he could not be liable because the decision was left to the grand jury. This requires proof as to Cone's belief at the time.

Or to put it more succinctly, the question is not what the factual facts were but what the party honestly and reasonably believed the facts to be. Closs v. Goose Creek Consolidated Independent School District, 874 S.W.2d 859, 877 (Tex. App. – Texarkana 1994, no writ). Here the testimony concerning what Cone believed the facts to be is clear in that he thought what he told the police officer was true. (3 RR 90). This is bolstered by the fact that the narrative reported by Officer Irving recites only facts that are admittedly true.

**"But for" Requirement**

But assuming arguendo that the reported facts were false and Cone knew it, Smith still had to prove that but for the false information the criminal prosecution would not have taken place. King, 126 S.W.3d at 76. As stated by the Supreme Court, "In other words, there must be proof that the prosecutor acted based on the false information and that but for such false information the decision would not have been made. King, 126 S.W.3d at 76. Here there is no evidence concerning this "but for" element. While it did not require the Hopkins County's district attorney's testimony that it was the cause of Smith's prosecution there had to be some evidence to support the causation element. In re Bexar Criminal District Attorney Office, 224 S.W.3d 182, 185-6 (Tex. 2007). This indispensable element is missing. Smith attempted to elicit expert testimony with regard to the initiation and procurement from the Lamar County district attorney, Gary Young. Mr. Young could not answer

or give an opinion with regard to the initiating and procurement. (5 RR 22-24). Smith's expert did not provide any testimony that was helpful on this element. Therefore the evidence adduced by the plaintiff was not sufficient to show the initiates or procures prong required to prove malicious prosecution.

## Lack of Probable Cause

The lack of probable cause element asks whether a reasonable person would believe that a crime had been committed given the facts as the complainant honestly and reasonably believed them to be before the criminal proceedings were instituted. Kroger Texas Limited Partnership, 216 S.W.3d at 794; Ritchie v. Brookshire Grocery Company, 952 S.W.2d 515, 517 (Tex. 1997). Courts presume that the defendant acted reasonably and had probable cause to initiate criminal proceeding. Kroger, 216 S.W.3d at 793. To rebut this presumption the plaintiff must produce evidence that the motives, grounds, beliefs, or other information upon which the defendant acted did not constitute probable cause. Kroger, 216 S.W.3d at 793. If the acts or omissions necessary to constitute a crime reasonably appeared to have been completed, a complainant's failure to investigate does not negate probable cause. Ritchie, 952 S.W.2d at 518. Here Smith's acquittal does not prove lack of a probable cause. *See* Kroger, 216 S.W.3d at 795.

## Cone's Believed Facts Fit Hindering Charge

A person commits the crime of hindering a secured creditor when a debtor with intent to hinder enforcement of a lienholder's interest, destroys, removes, conceals, encumbers, transfers out of the State of Texas, or otherwise harms or reduces the value of collateral. (CR 535). Probable cause is looked at from the perspective of the complaining party. Here the evidence does not negate the fact that as a reasonable person Cone believed that Smith was concealing the other equipment secured by the security agreement.

### Cone's Motives and Beliefs

Cone testified that Smith had told him that the other collateral was "over there." (3 RR 183; P. Ex 20). Smith said he would be back to tell him where, but never returned. (3 RR 115). He had a hard time getting in touch with Smith. (3 RR 98). He attempted on his own to locate the collateral. (P. Ex. 20). He went to Smith's house where he believed Smith to be home but refusing to answer the door. (3 RR 198). Smith was supposed to come back and show him the rest of the collateral but never did. (3 RR 206). Cone testified that his intent in filing charges was not to get Smith indicted but to get paid. (3 RR 111-112). He had no ill will toward Smith. (3 RR 203).

29

**Smith's Argument**

Smith argued to the jury that the proof of Cone's lack of probable cause was that Cone wanted to get the note paid or get the collateral back (3 RR 113), and he testified that his intent was to get paid. (3 RR 112). This is the only evidence Smith pointed to in argument as showing lack of probable cause. This is not sufficient to overcome the presumption and show a lack of probable cause. The evidence at best invites speculation and does not create a mere surmise or suspicion.

A reasonable person could believe that Smith was concealing the equipment from City National. Therefore, based on the evidence before it, there is no evidence or insufficient evidence to show the lack of probable cause.

## Issue No. 4

> **There was legally and factually insufficient evidence to support the jury's answer to Question No. 2a. The court erred by entering judgment for damages for mental anguish.**

With no physical pain, Smith had to rely on mental anguish to support the jury's finding for a portion of his damages. But mental anguish requires proof of high degree of stress and a substantial disruption of daily routine. Smith had no evidence to support the finding.

30

## Standard of Review

The standard of review for legal and factual sufficiency challenges is set out at pages 22-23 above.

## Question 2a

Question 2a asked the jury to find an amount for physical pain and mental anguish. (CR 535). Mental anguish was not defined. To recover on mental anguish it requires evidence of a high degree of mental pain and distress that is more than mere worry, anxiety, vexation, embarrassment, or anger. <u>Parkway Company v. Woodruff</u>, 901 S.W.2d 434, 444 (Tex. 1995). It is well settled that there must be both evidence of the existence of compensable mental anguish and evidence to justify the amount awarded. <u>Service Corp. International v. Guerra</u>, 348 S.W.3d 221, 231 (Tex. 2011). Mental anguish is only compensable if it causes a substantial disruption in daily routine or a high degree of mental pain and distress. <u>Katy Springs & Manufacturing, Inc. v. Favalora</u>, 2015 WL 5093232 at p. 7. The jury answered $150,000.00. (CR 535).

## Multiple Element Award

Because the question was submitted in a manner that allows the jury to award damages for physical pain and mental anguish, it is considered a broad form. When damage issues are submitted in a broad form it is difficult, if not impossible, to determine an amount the jury awarded for each element of damages. <u>River Oaks LM,</u>

31

Inc. v. Vinton Duarte, 2015 WL 3618950 at 15 (Tex. App. – [Houston 14th Dist.], May 28, 2015, no pet.). As a result, to challenge a multi-element award on appeal successfully a party must address all the elements of damages and show that the evidence is insufficient to support the entire damage award. City of Houston v. Livingston, 221 S.W.3d 204, 230 (Tex. App. – Houston [1[st] Dist] 2006, no pet.). Here the jury could award damages for physical pain or mental anguish. Thus City National must show there is no evidentiary support for both the physical pain or the mental anguish.

**Lack of Evidence of Physical Pain**

Smith submitted no evidence concerning any physical pain associated with the malicious prosecution claim. In fact, in closing argument his counsel told the jury that one of the two categories of damages they are asking for was "the physical pain and mental anguish. Obviously, we're talking mental anguish . . .". (5 RR 111). Therefore even Smith recognizes there was no evidence of physical pain.

**No Evidence of Mental Anguish**

Here the evidence concerning Smith's mental anguish was scant, if any, and certainly not legally sufficient. Lillian Lake, his long-time live-in girlfriend, testified that as a result of the malicious prosecution he was angry and embarrassed. (3 RR 62-63). Smith himself stated he was humiliated. (3 RR 112). He testified that he could not tell the jury what he lost. (3 RR 116). This was all the evidence that was

32

produced on mental anguish. Yet, in closing argument, counsel argued that the award for mental anguish was for "everything he went through during that two years that he was prosecuted, including the time that he was in jail, having to lie to his employers after that about all the settings. The many settings he had to come down here, many of which the bank was here for, that's mental anguish." (5 RR 140). This evidence certainly does not rise to the level of a high degree of mental pain and distress required for a recovery of mental anguish.

## CONCLUSION

This was a legal malpractice case that Smith has attempted to turn into a malicious prosecution case through a misapplication of Chapter 33, Texas Civil Practice & Remedies Code. This should fail because the limitations bar Smith's claim and Chapter 33 does not revive the malicious prosecution claim. Even if it did the evidence is not sufficient to support the malicious prosecution finding or the damages awarded. This Court should reverse.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellant, CITY NATIONAL BANK OF SULPHUR SPRINGS, prays that the Court reverse the judgment below and render judgment that Appellee, JOHN ALEXANDER SMITH, take nothing or, alternatively, that the Court render judgment as is supported by the evidence, or that

it reverse and remand the case for a new trial; and for such other and further relief to which it  may show itself to be entitled.

Respectfully submitted,


/s/ *John R. Mercy*
John R. Mercy
Texas State Bar No. 13947200
MERCY ✫ CARTER ✫ TIDWELL, L.L.P.
1724 Galleria Oaks Drive
Texarkana, TX  75503
Telephone:  (903) 794-9419
Facsimile:   (903) 794-1268
Email: jmercy@texarkanalawyers.com


Coy Johnson
Texas State Bar No. 10698000
Email: coy@clayjohnsonlaw.com
Clay Johnson
Texas State Bar No. 24007450
Email:   clay@clayjohnsonlaw.com
JOHNSON LAW FIRM, P.C.
609 Gilmer Street
Sulphur Springs, TX 75482-4121
Telephone: (903) 885-8866
Facsimile:   (903) 584-1313

ATTORNEYS FOR APPELLANT

## CERTIFICATE OF SERVICE

I hereby certify that on September 29, 2015, a true and correct copy of the foregoing *Brief of Appellant* was forwarded to counsel of record for Appellee by the Electronic Service Provider, as follows:

Mr. J. Mark Sudderth
NOTEBOOM LAW FIRM
669 Airport Freeway, Suite 100
Hurst, TX 76053-3698
Email: sudderth@noteboom.com

/s/ *John R. Mercy*
John R. Mercy

## CERTIFICATE OF COMPLIANCE

Pursuant to Tex. R. App. P. 9.4, I hereby certify that the foregoing Brief of Appellant contains 6322 words. This is a computer-generated document created in WordPerfect using 14-point typeface. In making this certificate I am relying on the word count provided by the software used to prepare the document.

/s/ *John R. Mercy*
John R. Mercy

# APPENDIX INDEX

A - General Instructions (CR 535-547)

B - Final Judgment (CR 582-583)

C - Order on Motion to Modify Judgment  (SCR 5)

D - §33.004 effective September 1, 2003 to August 31, 2011

# APPENDIX A

Filed 11/20/14 10:55 c.m.

## CAUSE NO. CV 40681

| | | |
|---|---|---|
| JOHN ALEXANDER SMITH, PLAINTIFF | § § § | IN THE DISTRICT COURT |
| VS. | § § § | 62<sup></sup> JUDICIAL DISTRICT |
| CITY NATIONAL BANK OF SULPHUR SPRINGS, DEFENDANT | § § § | HOPKINS COUNTY, TEXAS |

**62ND JUDICIAL DISTRICT**

**HOPKINS COUNTY, TEXAS**

2014 NOV 20 PH 3: 49
PATRICIA DOBNER DISTRICT CLERK HOPKINS COUNTY, TEXAS
FILED

### GENERAL INSTRUCTIONS

LADIES AND GENTLEMEN OF THE JURY:

This case is submitted to you by asking questions about the facts, which you must decide from the evidence you have heard in this trial. You are the sole judges of the credibility of the witnesses and the weight to be given their testimony, but in matters of law you must be governed by the instructions in this Charge. In discharging your responsibility on this jury, you will observe all the instructions which have previously been given you. I shall now give you additional instructions which you should carefully and strictly follow during your deliberations.

1.     Do not let bias, prejudice or sympathy play any part in your deliberations.

2.     In arriving at your answers, consider only the evidence introduced here under oath and such exhibits, if any, as have been introduced for your consideration under the rulings of the Court; that is, what you have seen and heard in this courtroom, together with the law as given you by the Court. In your deliberations, you will not consider or discuss anything that is not represented by the evidence in this case.

3.     Since every answer that is required by the Charge is important, no juror should state or

Received 11/20/14
3:40 p.m.

Page 1

535

8.      The presiding juror or any other who observes a violation of the Court's instructions shall immediately warn the juror who is violating the same and caution the juror not to do so again. When words are used in this charge in a sense that varies from the meaning commonly understood, you are given a proper legal definition, which you are bound to accept in place of any other meaning.

9.      Answer "Yes" or "No" to all questions unless otherwise instructed. Unless otherwise stated, a "Yes" answer must be based on a preponderance of the evidence. If you do not find that a preponderance of the evidence supports a "Yes" answer, then answer "No". The term "preponderance of the evidence" means the greater weight and degree of credible testimony or evidence introduced before you and admitted in this case. Whenever a question requires other than a "Yes" or "No" answer, your answer must be based on a preponderance of the evidence.

10.     A fact may be established by direct evidence or by circumstantial evidence or both. A fact is established by direct evidence when proved by documentary evidence or by witnesses who saw the act done or heard the words spoken. A fact is established by circumstantial evidence when it may be fairly and reasonably inferred from other facts proved.

consider that any required answer is not important.

4.      You must not decide who you think should win, and then try to answer the questions accordingly.   Simply answer the questions, and do not discuss nor concern yourselves with the effect of your answers.

5.      You will not decide the answer to a question by lot or by drawing straws, or by any other method of chance.   Do not return a quotient verdict.   A quotient verdict means that the jurors agree to abide by the result to be reached by adding together each juror's figures and dividing by the number of jurors to get an average.   Do not do any trading on your answers; that is, one juror should not agree to answer a certain question one way if others will agree to answer another question another way.

6.      You may render your verdict upon the vote of ten or more members of the jury.   The same ten or more of you must agree upon all of the answers made and to the entire verdict.   You will not, therefore, enter into an agreement to be bound by a majority of any other vote of less than ten jurors.   If the verdict and all of the answers therein are reached by unanimous agreement, the presiding juror shall sign for the entire jury.   If any juror disagrees as to any answer made by the verdict, those jurors who agree to all findings shall each sign the verdict.

7.      These instructions are given you because your conduct is subject to review the same as that of the witnesses, parties, attorneys and judge.   If it should be found that you have disregarded any of these instructions, it will be jury misconduct and it may require another trial by another jury; then all of our time will have been wasted.

**QUESTION 1:**

Did City National Bank of Sulphur Springs maliciously prosecute John Alexander Smith?

"Malicious prosecution" occurs when one person initiates or procures, with malice, and without probable cause at the time the prosecution is commenced, the prosecution of an innocent person.

"Malice" means ill will, bad or evil motive, or such gross indifference to the rights of others as to amount to a willful or wanton act.

"Probable cause" means the existence of such facts and circumstances as would excite belief in a person of reasonable mind, acting on the facts or circumstances within his knowledge at the time the prosecution was commenced, that the other person was guilty of a criminal offense. The probable cause determination asks whether a reasonable person would believe that a crime had been committed given the facts as the complainant honestly and reasonably believed them to be before the criminal proceedings were instituted.

A person procures a criminal prosecution if his actions were enough to cause the prosecution, and but for his actions the prosecution would not have occurred. A person does not procure a criminal prosecution when the decision whether to prosecute is left to the discretion of another, including a law enforcement official or the grand jury, unless the person fails to fully and fairly disclose all material information known to him or knowingly provides false information. A criminal prosecution may be procured by more than one person.

You are instructed that the criminal offense of Hindering a Secured Creditor occurs when a debtor, with intent to hinder enforcement of a lienholder's interest, destroys, removes, conceals, encumbers, transfers out of the State of Texas, or otherwise harms or reduces the value of collateral.

In addition, the offense of Hindering a Secured Creditor occurs when a debtor who does not have a right to sell or dispose of the secured property, or who is required to account to the secured party for the proceeds of a permitted sale or disposition, sells or otherwise disposes of the secured property, or does not account to the secured party for the proceeds of a sale or other disposition as required, with intent to appropriate the proceeds or value of the secured property

The law does not outlaw refusal by the debtor to reveal the location of collateral, nor does it outlaw the mere refusal to deliver property upon demand. Nor does it make the debtor's concealment of himself an offense.

Answer "Yes" or "No."

ANSWER: _____Yes_____

If you have answered "Yes" to Question 1, answer Question 2. Otherwise, do not answer Question 2.

**QUESTION 2:** What some of money, if paid now in cash, would fairly and reasonably compensate John Alexander Smith for his injuries, if any, that resulted from the occurrence in question?

Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find.

Answer separately, in dollars and cents, for damages, if any.

a.      Physical pain and mental anguish.

ANSWER: $ 150,000

b.      Injury to reputation.

ANSWER: $ 250,000

Answer the following question only if you unanimously answered "Yes" to Question 1. Otherwise, do not answer the following question.

To answer "Yes" to the following question, your answer must be unanimous. You may answer "No" to the following question only upon a vote of ten or more jurors. Otherwise, you must not answer the following question.

**QUESTION 3:**

Do you find by clear and convincing evidence that the harm to John Alexander Smith resulted from malice?

"Clear and convincing evidence" means the measure or degree of proof that produces a firm belief or conviction of the truth of the allegations sought to be established.

"Malice" means ill will, bad or evil motive, or such gross indifference to the rights of others as to amount to a willful or wanton act.

Answer "Yes" or "No."

ANSWER: __Yes__

Answer the following question only if you unanimously answered "Yes" to Question 3. Otherwise, do not answer the following question.

**QUESTION 4:**

You are instructed that you must unanimously agree on the amount of any award of exemplary damages.

What sum of money, if any, should be assessed against City National Bank of Sulphur Springs and awarded to John Alexander Smith as exemplary damages for the conduct found in response to Question 3?

"Exemplary damages" means any damages awarded as a penalty or by way of punishment but not for compensatory purposes, Exemplary damages includes punitive damages.

Factors to consider in awarding exemplary damages, if any, are –

   a.    The nature of the wrong.
   b.    The character of the conduct involved.
   c.    The degree of culpability of the wrongdoer.
   d.    The situation and sensibilities of the parties concerned.
   e.    The extent to which such conduct offends a public sense of justice and propriety.
   f.    The net worth of City National Bank of Sulphur Springs.

Answer in dollars and cents, if any.

ANSWER: $500,000

# SPECIAL INSTRUCTIONS

After you retire to the jury room, you will select your own presiding juror. The first thing the presiding juror will do is to have this complete charge read aloud and then you will deliberate upon your answers to the questions asked.

It is the duty of the presiding juror - -

1. to preside during your deliberations,

2. to see that your deliberations are conducted in an orderly manner and in accordance with the instructions in this charge,

3. to write and hand to the bailiff any communications concerning the case that you desire to have delivered to the Judge,

4. to vote on the questions,

5. to write your answers to the questions in the spaces provided,

6. to certify to your verdict in the space provided for the presiding juror's signature or to obtain the signatures of all the jurors who agree with the verdict if your verdict is less than unanimous.

You should not discuss the case with anyone, not even with other members of the jury, unless all of you are present and assembled in the jury room. Should anyone attempt to talk to you about the case before the verdict is returned, whether at the courthouse, at your home, or elsewhere, please inform the judge of this fact.

When you have answered all the questions you are required to answer under the instructions of the judge and your presiding juror has placed your answers in the space provided and signed the verdict as presiding juror or obtained the signatures, you will inform the bailiff at the door of the jury room that you have reached a verdict, and then you will return into the courtroom with your verdict.

JUDGE PRESIDING

## CERTIFICATE NO. 1

We, the jury, have answered questions number 1 and number 2 as herein indicated, and herewith return same into court as our verdict.

(To be signed by the presiding juror if unanimous.)

_Sandra Buttrill_
PRESIDING JUROR

(To be signed by those rendering the verdict if not unanimous.)

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

# CERTIFICATE NO. 2

We, the jury, have answered question number 3 as herein indicated, and herewith return same into court as our verdict.

(To be signed by the presiding juror if unanimous.)

Sandra Bottrull
PRESIDING JUROR

(To be signed by those rendering the verdict if not unanimous.)

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

# CERTIFICATE NO. 3

We, the jury, have unanimously answered question number 4 as herein indicated, and herewith return same into court as our verdict.

(To be signed by the presiding juror if unanimous.)

Sandra Buttrill
PRESIDING JUROR

- initial incident report/
  police reports - narrative
  w/ all accompanying documents -
  "Exhibit 1"

- correspondence letters
  between CnB & Smith

- correspondence between
  DA's office & CnB

- indictment

2014 NOV 20 PM 4:49
PATRICIA DODIER
DISTRICT CLERK
HOPKINS COUNTY

FILED

Sandra Bartrull

Received 11/20/14 1:54 p.m.

Response: All exhibits Sent to Jury

546

**INSTRUCTION 1:[2]**           *Filed* 11/20/14   10:30am

A person "initiates" a criminal prosecution by making a formal charge to law enforcement authorities. Evidence that the defendant filed formal charges against the plaintiff is sufficient to show that the defendant initiated the criminal prosecution.

Given:_____     Refused:___✗_____

2014 NOV 20 PM 3: 49
PATRICIA DORNER
DISTRICT CLERK
HOPKINS COUNTY, TEXAS
FILED

---

[2]Source:

*Browning-Ferris Indus. v. Lieck,* 881 S.W.2d 188, 292 (Tex. 1994) ("A person initiates a criminal prosecution if he makes a formal charge to law enforcement authorities.")

*All American Telephone, Inc. v. USLD Communications, Inc.,* 291 S.W.3d 518, 533 (Tex. App. – Fort Worth 2009, pet. denied) ("A person initiates a criminal prosecution if he makes a formal charge to law enforcement authorities.")

*Browning-Ferris,* 881 S.W.2d at 293("evidence that defendant filed formal charges against plaintiff" demonstrates "initiation" of a prosecution.)

# APPENDIX B

CAUSE NO. CV 40681

| JOHN ALEXANDER SMITH, | § | IN THE DISTRICT COURT |
| PLAINTIFF | § | |
| | § | |
| V. | § | |
| | § | 62ND JUDICIAL DISTRICT |
| CITY NATIONAL BANK OF | § | |
| SULPHUR SPRINGS, | § | |
| DEFENDANT | § | HOPKINS COUNTY, TEXAS |

FILED 2014 DEC 15 PM 1:41 HOPKINS DISTRICT - ARNER HOPKINS COUNTY CLERK COUNTY, TEXAS

## FINAL JUDGMENT

On the 17th day of November, 2014, this cause came on to be heard. Plaintiff JOHN ALEXANDER SMITH appeared in person and by his attorney of record and announced ready for trial, and Defendant CITY NATIONAL BANK OF SULPHUR SPRINGS appeared by its attorney of record and announced ready for trial. A jury having previously been demanded, a jury consisting of twelve (12) qualified jurors was duly empaneled and the case proceeded to trial.

At the conclusion of the evidence, the court submitted the questions of fact in the case to the jury. The charge of the court and the verdict of the jury are incorporated herein for all purposes by reference. Because it appears to the court that the verdict of the jury was for the Plaintiff against the Defendant, judgment should be rendered on the verdict in favor of the Plaintiff JOHN ALEXANDER SMITH and against Defendant CITY NATIONAL BANK OF SULPHUR SPRINGS.

It further appears to the Court that the amount of damages to be recovered by the Plaintiff should be reduced by $100,000 in accordance with TEX. CIV. PRAC. & REM. CODE § 33.012(b).

IT IS THEREFORE ORDERED, ADJUDGED, and DECREED by the court that Plaintiff JOHN ALEXANDER SMITH have and recover compensatory damages – including

*Final Judgment – Page 1*

582

$400,000 in such damages found by the jury, reduced by $100,000 as referenced above, as well as pre-judgment interest on $300,000 – from Defendant CITY NATIONAL BANK OF SULPHUR SPRINGS, in the sum of $84,542 , for Total damages of $384,542.

IT IS FURTHER ORDERED, ADJUDGED, and DECREED by the court that Plaintiff JOHN ALEXANDER SMITH have and recover exemplary damages from Defendant CITY NATIONAL BANK OF SULPHUR SPRINGS in the sum of $500,000.00.

IT IS FURTHER ORDERED that all costs of court spent or incurred in this cause are adjudged against Defendant CITY NATIONAL BANK OF SULPHUR SPRINGS.

IT IS FURTHER ORDERED that the total amount of the judgment here rendered will bear interest at the rate of 5.00 percent from December 15, 2014 until paid.

All relief requested in this case and not expressly granted is denied. This judgment finally disposes of all parties and all claims and is appealable.

All writs and processes for the enforcement and collection of this judgment or the costs of court may issue as necessary.

SIGNED on December 15, 2014

_____
JUDGE PRESIDING

*Final Judgment – Page 2*

**583**

# APPENDIX C

FILED

2015 FEB 11 AM 10: 48

CHERYL FULCHER
DISTRICT CLERK
HOPKINS COUNTY, TEXAS

NO. CV40681

| | | |
|---|---|---|
| JOHN ALEXANDER SMITH | ) | IN THE DISTRICT COURT |
| | ) | |
| V. | ) | OF HOPKINS COUNTY, TEXAS |
| | ) | |
| CITY NATIONAL BANK OF | ) | |
| SULPHUR SPRINGS | ) | 62ND JUDICIAL DISTRICT |

## ORDER ON MOTION TO MODIFY JUDGMENT

On February 5, 2015, the Court considered Defendant City National Bank of Sulphur Springs' Motion to Modify Judgment. After considering the motion and argument of counsel, the Court is of the opinion that the motion should be granted.

IT IS, THEREFORE, ORDERED that Defendant City National Bank of Sulphur Springs' Motion to Modify is GRANTED.

IT IS FURTHER ORDERED that the Court's Judgment entered on December 15, 2014 is modified to show that the proper amount of prejudgment interest awarded to Plaintiff in this case is Fifty-four Thousand Two Hundred Forty-three Dollars ($54,243.00).

DATED: February 9, 2015

WILL BIARD, Judge Presiding

5

# APPENDIX D

> Vernon's Texas Statutes and Codes Annotated
>   Civil Practice and Remedies Code (Refs & Annos)
>     Title 2. Trial, Judgment, and Appeal
>       Subtitle C. Judgments
>         Chapter 33. Proportionate Responsibility (Refs & Annos)
>           Subchapter A. Proportionate Responsibility

This section has been updated. Click here for the updated version.

V.T.C.A., Civil Practice & Remedies Code § 33.004

§ 33.004. Designation of Responsible Third Party

Effective: September 1, 2003 to August 31, 2011

(a) A defendant may seek to designate a person as a responsible third party by filing a motion for leave to designate that person as a responsible third party. The motion must be filed on or before the 60th day before the trial date unless the court finds good cause to allow the motion to be filed at a later date.

(b) Nothing in this section affects the third-party practice as previously recognized in the rules and statutes of this state with regard to the assertion by a defendant of rights to contribution or indemnity. Nothing in this section affects the filing of cross-claims or counterclaims.

(c), (d) Repealed by Acts 2003, 78th Leg., ch. 204, § 4.10(2).

(e) If a person is designated under this section as a responsible third party, a claimant is not barred by limitations from seeking to join that person, even though such joinder would otherwise be barred by limitations, if the claimant seeks to join that person not later than 60 days after that person is designated as a responsible third party.

(f) A court shall grant leave to designate the named person as a responsible third party unless another party files an objection to the motion for leave on or before the 15th day after the date the motion is served.

(g) If an objection to the motion for leave is timely filed, the court shall grant leave to designate the person as a responsible third party unless the objecting party establishes:

(1) the defendant did not plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirement of the Texas Rules of Civil Procedure; and

(2) after having been granted leave to replead, the defendant failed to plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirements of the Texas Rules of Civil Procedure.

(h) By granting a motion for leave to designate a person as a responsible third party, the person named in the motion is designated as a responsible third party for purposes of this chapter without further action by the court or any party.

(i) The filing or granting of a motion for leave to designate a person as a responsible third party or a finding of fault against the person:

(1) does not by itself impose liability on the person; and

(2) may not be used in any other proceeding, on the basis of res judicata, collateral estoppel, or any other legal theory, to impose liability on the person.

(j) Notwithstanding any other provision of this section, if, not later than 60 days after the filing of the defendant's original answer, the defendant alleges in an answer filed with the court that an unknown person committed a criminal act that was a cause of the loss or injury that is the subject of the lawsuit, the court shall grant a motion for leave to designate the unknown person as a responsible third party if:

(1) the court determines that the defendant has pleaded facts sufficient for the court to determine that there is a reasonable probability that the act of the unknown person was criminal;

(2) the defendant has stated in the answer all identifying characteristics of the unknown person, known at the time of the answer; and

(3) the allegation satisfies the pleading requirements of the Texas Rules of Civil Procedure.

(k) An unknown person designated as a responsible third party under Subsection (j) is denominated as "Jane Doe" or "John Doe" until the person's identity is known.

(*l*) After adequate time for discovery, a party may move to strike the designation of a responsible third party on the ground that there is no evidence that the designated person is responsible for any portion of the claimant's alleged injury or damage. The court shall grant the motion to strike unless a defendant produces sufficient evidence to raise a genuine issue of fact regarding the designated person's responsibility for the claimant's injury or damage.

**Credits**

Added by Acts 1995, 74th Leg., ch. 136, § 1, eff. Sept. 1, 1995. Amended by Acts 2003, 78th Leg., ch. 204, §§ 4.03, 4.04, 4.10(2), eff. Sept. 1, 2003.

V. T. C. A., Civil Practice & Remedies Code § 33.004, TX CIV PRAC & REM § 33.004
Current through the end of the 2015 Regular Session of the 84th Legislature

**End of Document**

© 2015 Thomson Reuters. No claim to original U.S. Government Works.